**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| KNOBLAUCH BUILDERS, INC. : | |
| : | BANKRUPTCY NO. 06-15934-elf |
| DEBTOR : | |

**EIGHTEENTH INTERIM CONSENT ORDER AUTHORIZING
A) LIMITED USE OF CASH COLLATERAL AND B) ADEQUATE PROTECTION
TO PARTIES WITH INTEREST IN CASH COLLATERAL
FOR THE PERIOD OF JULY 23, 2008 THROUGH JULY 31, 2008**

AND NOW, this 25th day of July 2008, upon the Debtor's Motion to A) Permit Use of Cash Collateral; B) To Provide Adequate Protection to Parties with Interest in Cash Collateral; C) to Pay Pre-Petition Wages and Benefits; and D) for an Expedited Hearing (the "Motion"); after notice and hearing and upon the occurrence of certain events of default of the Seventeenth Interim Consent Order Authorizing the Use of Cash Collateral (the "Seventeenth Cash Collateral Order"), this Consent Order is entered into by and between Knoblauch Builders, Inc. (the "Debtor"), by and through its undersigned counsel, the United States Trustee, Region 3, by and through its undersigned counsel (the "Trustee"), the Official Committee of Unsecured Creditors of the Bankruptcy Estate of Knoblauch Builders, Inc. (the "Committee"), by and through its undersigned counsel, Bucks County Bank ("BCB"), by and through its undersigned counsel and the Internal Revenue Service (the "IRS"), by and through its undersigned counsel.

WHEREAS, the Seventeenth Cash Collateral Order provided for the immediate and automatic termination of the Debtor's use of cash collateral upon failure of the Debtor to submit timely weekly payroll deposits to the IRS;

1

WHEREAS, the IRS submitted a certification of default to the Debtor and its counsel on or about July 22, 2008, advising that timely weekly payroll deposits were not tendered to the IRS by the Debtor;

WHEREAS, by operation of the Seventeenth Cash Collateral Order, among other things, the Debtor's use of cash collateral immediately and automatically ceased;

WHEREAS, the Debtor has requested an expedited hearing on the continued use of cash collateral;

WHEREAS, the parties to this Consent Order have agreed to permit the limited use of cash collateral as set forth herein;

WHEREAS, the parties to this Consent Order have agreed to an expedited hearing on the Debtor's continued use of cash collateral;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the Debtor, the Trustee, the Committee, BCB and the IRS, subject to the approval of the Bankruptcy Court, intending to be legally bound, hereby stipulate and agree as follows:

1. As adequate protection for the use of cash collateral, BCB and Wachovia Bank, National Association, and the IRS are hereby granted, to the extent and priority of their respective pre-petition liens, if any, a replacement lien and security interest in all of the Debtor's post-petition assets, including all cash and non-cash proceeds of accounts, only to the extent of the cash collateral utilized, without the necessity of filing financing statements or other instruments of record.

2. All replacement liens granted herein will attach in the same order of priority as existed pre-petition.

3. All funds received by the Debtor shall be deposited into a Debtor-in-possession account at BCB (the "DIP Account"). Only those permitted expenses, as specifically set forth herein, shall be transferred from such account or paid in checks drawn from such account.

4. The Debtor's use of Cash Collateral, as defined in the Motion and in accordance with this Order, is not approved and/or permitted until further Order of the Bankruptcy Court, except as specifically set forth herein.

5. To the extent sufficient funds are available in the DIP Account, BCB shall transfer to Citizens Bank an amount equal to Debtor's net payroll (less taxes) to Citizens Bank upon direction of Debtor.

6. To the extent sufficient funds are available in the DIP Account, BCB shall honor and the Debtor shall be authorized to use Cash Collateral in order to fund current payroll taxes, Check No. 847 in the amount of $ 30,589.33 and Check No. 848 $18,506.68, both made payable to the IRS on account of payroll deposits for July, 2008 (collectively, the "IRS Checks").

7. To the extent sufficient funds are available in the DIP Account, BCB shall honor and the Debtor shall be authorized to use cash collateral in order to tender, in addition to current payroll taxes and the IRS Checks, a payment to the IRS on or before July 30, 2008 in the amount of $10,000 on account of purported delinquencies on the quarterly payroll taxes due

to the IRS (the "IRS Delinquency"). Any and all payments made by the Debtor with respect to the IRS Delinquency are subject to Debtor's full reservation of rights to dispute the amount and validity of the IRS Delinquency during this Bankruptcy Case.

8. To the extent sufficient funds are available in the DIP Account, BCB shall honor and the Debtor shall be authorized to use cash collateral in order to tender premiums for insurance to (a) Inland Marine, in the approximate amount of $4,617.00 on or before July 31, 2008; and (b) First Insurance Funding, in the amount of $4,934.94 on or before July 30, 2008.

9. The Debtor is prohibited from compensating its principal, Thomas Knoblauch until further order of the Bankruptcy Court.

10. The Debtor shall make any and all IRS payroll tax deposits and/or payments on account of the IRS Delinquency by checks drawn on the DIP account, after deposit of funds in accordance with this Order in the DIP Account, by mailing said checks or otherwise presenting said checks directly to Kitty Staskin of the IRS and not by virtue of deposits made at BCB and payment by BCB to the IRS.

11. To the extent not already accomplished, the Debtor shall maintain liability insurance, insurance on all personal property in amounts required under its loan documentation with BCB (with BCB listed as loss payee), and all other insurance required by law to operate its business.

12. This Order, and the consent of any party in interest to this Order, is without prejudice to any further rights of any party in interest, including but not limited to the right to object to any plan of reorganization filed by the Debtor, to object to any further request by the Debtor for use of cash collateral, or to seek any relief available to such party as provided in the Code.

13. An expedited interim hearing on the Debtor's request to resume use of cash collateral shall be held on July 31, 2008 at 1:00 p.m. and the Debtor and all parties reserve all rights as to each other with respect to resumption of the Debtor's use of cash collateral, budget items and adequate protection payments.

14. Written notice of the above stated hearing shall be given by the Debtor to Bucks County Bank, Wachovia, and 20 largest holders of unsecured claims, any and all committees, if appointed, the U.S. Trustee and any other parties filing request for notices pursuant to Rule 2002 on or before July 25, 2008 at 5:00 p.m.

**CIARDI & CIARDI, P.C.**

Dated: July 24, 2008         */s/ Shannon D. Leight*
Albert A. Ciardi, III, Esquire
Shannon D. Leight, Esquire
One Commerce Square
2005 Market Street, Suite 2020
Philadelphia, PA 19103
(215) 557-3550 telephone
*Counsel for Debtor,*
*Knoblauch Builders, Inc.*

**UNITED STATES TRUSTEE, REGION 3**

Dated: July 24, 2008       */s/ Frederic Jay Baker*
Frederic Jay Baker, Esquire
Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107
(215) 597-4411 telephone
*Counsel for United States Trustee*

**OBERMAYER REBMANN MAXWELL & HIPPEL, LLP**

Dated: July 24, 2008       */s/ Edmond M. George*
Edmond M. George, Esquire
1617 John F. Kennedy Boulevard
One Penn Center, Suite 1900
Philadelphia, PA 19103
(215) 665-3140 telephone
*Counsel for Official Committee of Unsecured Creditors of the Bankruptcy Estate of Knoblauch Builders, Inc.*

**CURTIN & HEEFNER, LLP**

Dated: July 24, 2008       */s/ Robert Szwajkos*
Robert A. Badman, Esquire
Robert Szwajkos, Esquire
250 N. Pennsylvania Avenue
Morrisville, PA 19067
*Counsel for Bucks County Bank*

Dated: July 24, 2008       */s/ Kristina L. Rico*
Kristina L. Rico, Esquire
IRS Office of Chief Counsel
701 Market Street, Suite 2200
Philadelphia, PA 19106
*Counsel for Internal Revenue Service*

**SO ORDERED AND APPROVED:**

_____  _____
ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE

Dated: 7/25/08